**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

PITTSBURGH LOGISTICS SYSTEMS, INC.,

        Plaintiff,

vs.                                                      Case No. 3:13-cv-555-J-32JRK

DAVID STOVER,
JONATHAN JONES,
GABRIEL SOUMIS,

        Defendants.

### ORDER

This case is before the Court on plaintiff's verified complaint and supporting documents (Doc. 1) and Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 3), filed earlier today.

As verified in its complaint, plaintiff Pittsburgh Logistics Systems, Inc. ("PLS") alleges that it is a Pennsylvania company in the transportation logistics business and that defendants are three former employees of PLS's Jacksonville facility who departed in January, February and March of 2013 and are now each employed by a PLS competitor (Crowley Logistics, Inc.) in violation of the defendants' non-compete agreements. PLS further alleges that it discovered just last week that in the two months before defendant David Stover left PLS, he emailed to himself, (1) a confidential list of PLS customers along with information about the customers' credit limits, current invoices, and their PLS account; (2) PLS PowerPoint presentations that included proprietary and confidential information; (3) confidential internal documents about how PLS was handling logistics issues three of its most important

customers faced and; (4) confidential financial information about those customers. Based on these allegations, PLS brings claims against each defendant for breach of contract and violations of the Pennsylvania Uniform Trade Secrets Act. PLS claims its damages are in excess of $75,000.

PLS represents that when its counsel contacted defendants Soumis and Jones with regard to this motion (Stover could not be reached), they both indicated that they did not believe their employment with Crowley violated their non-compete agreements.

PLS seeks a temporary restraining order which would immediately enjoin all three defendants from becoming employed by any competitor or continuing their employment with Crowley or any competitor; from competing against PLS in any way for one year from the date of an injunction; from otherwise violating their non-competition agreements with PLS; from deleting or otherwise altering their personal or work email accounts until PLS and the Court can determine whether defendants forwarded to themselves or to Crowley PLS's proprietary information; and from using or disclosing confidential information obtained during their employment with PLS.

To secure a temporary restraining order without notice, PLS must demonstrate that it has a substantial likelihood of success on the merits as to at least one of it claims, that it will be irreparably harmed if a temporary restraining order does not immediately issue without notice, that the threatened injury to PLS outweighs any harm that might befall the defendants during the brief duration of the restraining order, and that the entry of the restraining order is not adverse to the public interest.  See Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005).

Upon review of the verified pleadings, the Court is persuaded that PLS has demonstrated the necessary requirements to secure an order restraining defendants from using or disclosing PLS's confidential or proprietary information and from deleting or altering personal or work email accounts until the matter can be heard on a motion for preliminary injunction.  However, the Court finds that PLS has not carried its heavy burden to show that the harm to PLS is outweighed by the harm that would befall defendants if the Court were to take the drastic measure of enjoining defendants from maintaining their current positions with Crowley between now and when the case can be set for a hearing on the motion for preliminary injunction.  The motion for temporary restraining order is therefore denied to that extent (as well as to the extent PLS seeks the broad relief of enjoining defendants generally from violating the non-competes).   Due to the limited nature of the restraint ordered, and without a basis to find that it will cause defendants harm, no bond will be required at this time.

Accordingly, it is hereby

**ORDERED**:

1. Plaintiff's Motion for Temporary Restraining Order (Doc. 3-1) is **GRANTED** to the extent that defendants David Stover, Jonathan Jones, and Gabriel Soumis are hereby **TEMPORARILY ENJOINED** from using or disclosing to any person or entity any trade secrets, or confidential or proprietary information obtained during the course of their employment with PLS and from deleting or otherwise altering their personal and work email accounts until the hearing on Plaintiff's Motion for Preliminary Injunction; in all other respects, the motion for a temporary restraining order without notice is **DENIED**.

2.      In accordance with Local Rules 4.05 and 4.06, this case is **SET** for a **HEARING** to determine whether to convert this temporary restraining order into a preliminary injunction and whether to grant the additional requested relief by way of a preliminary injunction on **FRIDAY, MAY 31, 2013 at 2:00 p.m.** before the undersigned in the United States Courthouse, Courtroom 10D, 300 North Hogan Street, Jacksonville, Florida.[1] Defendants are permitted to file briefs, affidavits, and any other evidentiary materials concerning their positions no later than **May 28, 2013 at 2:00 p.m.**

3.      Defendants are also permitted to move the Court to revisit this Temporary Restraining Order or any of its terms in advance of the preliminary injunction hearing.

4.      Plaintiff shall forthwith serve a copy of this Order upon defendants and shall file a certificate of service to verify same.

5.      **Defendants are encouraged (but not required) to immediately retain counsel to represent them in this matter. However, regardless of whether defendants retain counsel, they must appear at the May 31, 2013 hearing.**

---

[1]All persons entering the Courthouse must present photo identification to Court Security Officers. Although cell phones, laptop computers, and similar electronic devices are not usually allowed in the building, counsel will be permitted to bring those items with them for purposes of this hearing upon presentation of a copy of this Order to Court Security Officers. Counsel may also store such items in the first floor lockers provided by the Federal Bar Association. Locker access is available upon presentation to Court Security Officers of a Florida Bar card or Order of special admission pro hac vice.

**DONE AND ORDERED** at Jacksonville, Florida at 5:45 p.m. this 16th day of May, 2013.

_____
TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

counsel of record
pro se parties (through counsel for plaintiff)